UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>   vs.<br><br>MARCUS MAJOR (1),<br>JORDAN HUSS (2)<br><br>                Defendants<br>_____/ | CASE NO. 1:07-CR-00156  LJO<br><br>**ORDER OF RESENTENCING PURSUANT TO THE REMAND OF THE NINTH CIRCUIT** |

This Court received and reviewed the order of the Ninth Circuit filed on March 27, 2012, remanding the case for this Court properly to apply Title 18 U.S.C. section 924(c).  The Circuit Court order is now final.

Counsel for both of the defendants were requested to provide this Court with their views on (1) filing further written materials, (2) whether there is any dispute what this Court is <u>required</u> to do on remand, and (3) on the need/desire for transportation of the defendants for the limited resentencing issue.  Each defense counsel responded.

Both defendants wished to be transported for the resentencing.  Both counsel agreed that the sentences need to be adjusted downward by three years pursuant to the order of remand.

Counsel for Defendant Huff urges that the remand is more than "a ministerial act on the part of the Court."  The basis of the position is that he believes that the Ninth Circuit opinion "requires the Court to utilize an entirely new starting point for sentencing," and therefore the remand order "undoes the entire knot of calculation." Counsel further invites this Court to feel free to "rethink" the sentencing. This Court disagrees with the position of Counsel on the scope and the effect of the remand, and rejects the invitation to rethink the original sentencing, except as required by the remand order.

The only thing required of this Court is to deem one of the brandishing counts, rather than a discharging count, to be the first conviction, which this Court now orders be done. The Court designates Count 9 to be the first conviction. An amended judgment will issue as a result of this instant order. The sole effect of that act is to lower the final sentence as to each defendant as follows:

Defendant Huff *from* 745 years, 1 month (8941 months) *to* 742 years, 1 month (8905 months); and

Defendant Major *from* 746 years, 3 months (8955 months) *to* 743 years, 3 months (8919 months).

This Court deems the transportation to the courtroom of the two defendants for this very limited act to be a waste of valuable, limited and diminishing resources, with no difference in result, and therefore corrects the sentencing (number of years) by written court order without the need for either transportation or further hearing.

Finally, this Court responds to the concurring opinion of the Circuit Court, and specifically the last phrase wherein there was a concern expressed that sentencing a person to more time than they could possibly serve is an "utterly empty gesture." This sentencing Court believes that each victim is entitled to consideration at the time of sentencing, regardless of the final number of months or years given to a convicted defendant. That gesture is not empty to a victim, especially, as here, a victim of crimes of violence.

IT IS SO ORDERED.

**Dated:   May 15, 2012**            **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE