UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>   Plaintiff-Respondent,<br><br>   v.<br><br>**JORDAN HUFF and MARCUS MAJOR**,<br><br>   Defendants-Petitioners. | 1:07-CR-0156-LJO 1 & 2<br><br>**MEMORANDUM DECISION AND ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 438) |

## I. INTRODUCTION

Petitioners Jordan Huff and Marcus Major ("Petitioners") are currently serving state sentences in California. Upon release from state custody, both are set to begin sentences imposed in this case based upon convictions related to a spree of armed robberies. Petitioner Huff's federal sentence is 742 years and one month; Petitioner Major's federal sentence is 743 years and three months. Docs. 429 & 430. Petitioners filed identical motions pursuant to 28 U.S.C. § 2255 ("Section 2255") to vacate, set aside or correct their federal sentences. Docs. 438 & 439. As the motions are identical, the instant Memorandum Decision and Order rules on both motions. For the reasons discussed below, the Court DENIES Petitioners' motions.

## II. PROCEDURAL HISTORY

In connection with a string of armed robberies, on June 24, 2006, Petitioners were indicted for conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951, conspiracy to use, carry, brandish, and discharge firearms during and in relation to a crime of violence in violation 18 U.S.C. § 924(o), six counts of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), twenty-four counts of branding a firearm during and in relation to a

1

crime of violence in violation of 18 U.S.C. § 924(c), and thirty counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951. Doc. 1. Petitioners and a co-defendant were tried by a jury of their peers in a trial that lasted from November 16, 2009 until December 22, 2009. Docs. 262-311. At the start of the trial there was evidence of attempted jury tampering resulting in the Court restricting Petitioners' communication with anyone other than their attorneys during trial. *U.S. v. Major*, 676 F. 3d 803, 811 (9th Cir. 2012). At trial, Petitioners were found guilty of all counts. Docs. 311 & 312. Petitioner Major was sentenced to 8,955 months incarceration. Doc. 354. Petitioner Huff was sentenced to 8,941 months incarceration. Doc. 355.

Petitioners appealed their conviction and sentence to the United States Court of Appeals for the Ninth Circuit, arguing that they were denied a fair trial because the Court allowed the government to present evidence of other crimes in which they were implicated as part of a street gang and that their Sixth Amendment right to prepare for trial had been violated by an order preventing them for having contact with anyone except their attorneys during the trial. Docs. 398 & 399. *Major*, 676 F. 3d at 807. Petitioners attacked their sentences claiming that the mandatory minimum sentencing violated the separation of powers and resulted in cruel and unusual punishment in violation of the Eighth Amendment. *Id.* Petitioners also claimed that a discharge enhancement was unfairly added to their sentence. *Id*. On March 27, 2012, the Ninth Circuit affirmed the Petitioners' convictions but vacated their sentences and remanded them for resentencing based on the discharge enhancement issue. *Id*. In relation to the Court's ruling that Petitioners could only have contact with their attorneys, the Ninth Circuit stated,

> Neither [of the Petitioners] requested that the district court lift the restriction on the ground that they could not adequately prepare for trial. In the absence of a proper objection and of any evidence that Major and Huff were actually impeded in their ability to prepare for trial, there was no constitutional error in the district court's effort to ensure the safety of the jurors.

*Id*. at 811. The Ninth Circuit's opinion further held that Petitioners' sentences did not violate the


doctrine of the separation of powers nor their Eighth Amendment rights to be free from cruel and unusual punishment. The opinion said:

> Major and Huff also argue that section 924(c) violates the Eighth Amendment. We have rejected such challenges before. In *United States v. Harris*, 154 F. 3d 1082, 1084 (9th Cir. 1998), we upheld a 95-year sentence we upheld in *Harris*. Therefore, we adhere to our precedent and reject this argument.

*Id*. On June 5, 2012, Petitioner Huff was resentenced to 8,905 months and Petitioner Major was resentenced to 8,919 months. Docs. 429 & 430.

On October 7, 2014, Petitioners filed identical motions to vacate, set aside or correct their sentences pursuant to Section 2255. Docs. 438 & 439. On October 24, 2014, the Court ordered the government to provide an opposition to Petitioners motion. Doc. 440. The opposition was filed on November 10, 2014. Doc. 441.

### III. ANALYSIS

Arguments that have been fully and fairly litigated during a direct appeal cannot be relitigated in a habeas petition. The Supreme Court definitively held that once accorded an "opportunity for full and fair litigation" of a claim, the Constitution does not require that prisoners be granted the opportunity for relief through habeas corpus. *Stone v. Powell,* 428 U.S. 465, 482 (1976). *See also, Reed v. Farley*, 512 U.S. 339, 358 (1994)(holding, "a prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim"). "At common law, the opportunity for full and fair litigation of an issue at trial and (if available) direct appeal was not only a factor weighing against reaching the merits of an issue on habeas; it was a conclusive factor." *Withrow v. William*, 507 U.S. 680, 718-719 (1993).

Petitioners' arguments regarding the constitutionality of their right to visitors during trial, whether their sentences violated Eighth Amendment cruel and unusual punishment clause, and whether their sentences violated the separation of powers doctrine were directly addressed by the Ninth Circuit in the Petitioners' appeal. Doc. 439. The Ninth Circuit stated "neither of [the Petitioners] requested that the

district court lift the restriction on the ground that they could not adequately prepare for trial. In the absence of a proper object and of any evidence that [Petitioners] were actually impeded in their ability to prepare for trial, there was no constitutional error." *Major*, 676 F. 3d at 811. The Court of Appeals also stated that Petitioner's sentence was not in violation of the Eighth Amendment nor was the separation of powers doctrine violated. *Id*. at 812. As these issues have been fully and fairly litigated on direct appeal, they cannot be used as a basis for a habeas appeal.

Petitioners do make one new argument. As part of their claim that their sentences violate the Eighth Amendment, Petitioners argue that their due process rights were violated because the mandatory minimum sentence in connection with their convictions resulted in over 700 years imprisonment. Although the Ninth Circuit stated that Petitioners' sentences did not violate the Eighth Amendment, the ruling on the direct appeal did not specifically address due process violations, as the issue was not presented on appeal.

The Ninth Circuit has repeatedly and indisputably rejected the argument that mandatory minimum sentences violate defendants' due process rights. *United States v. Labrada-Bustamante*, 428 F. 3d 1252, 1265 (9th Cir. 2005)("Mandatory minimum sentencing schemes have been consistently upheld against constitutional challenge[s]."); *see also* U*nited States v. Wilkins*, 911 F. 2d 337, 339 ("Because there is no constitutional right to an individualized sentence and Congress may limit the federal judiciary's discretion to sentence criminal defendants, [Defendant] term of incarceration did not violate his due process rights even though the district court could not individualize that part of the sentence."); *United States v. LaFleur*, 971 F. 2d 200, 213 (9th Cir. 1991)("We summarily state here that there is simply no procedural or substantive due process violation in [the federal sentencing scheme] mandate of a mandatory life sentence."). As there is no right to relief based on the claim that mandatory minimum sentences violate Petitioners' due process rights, Petitioner's § 2255 motion is DENIED.

### IV. Certificate of Appealability

A § 2255 petitioner cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the petitioner must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the petitioner must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id*. The Court finds that Petitioners have not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court further finds that reasonable jurists would not find this Court's assessment of Petitioners' claims debatable or wrong. *Slack*, 529 U.S. at 483. Accordingly, this Court declines to issue a certificate of appealability.

## V. CONCLUSION AND ORDER

For the reason discussed above, this Court:

1. DENIES Petitioners' § 2255 motion to vacate, set aside, or correct sentence; and

2. DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **November 19, 2014**           /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

5