UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 1:17-CR-00156-JLT |
|---|---|
| Plaintiff, | ORDER DISMISSING RULE 60 MOTION CONSTRUED AS A RENEWED MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255 |
| v. | |
| JORDAN HUFF, | |
| Defendant. | (Doc. 585) |

Movant is currently serving a 742-year sentence imposed in this case based upon convictions related to a spree of armed robberies. (Doc. 429.) On October 7, 2014, Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 438.) That motion was denied on November 20, 2014. (Doc. 443.) On February 16, 2017, Movant received permission from the Ninth Circuit to file a second § 2255 motion in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docs. 485, 486.) That motion was denied on August 21, 2017. (Doc. 535.) Movant appealed, (Doc. 538), and the decision was ultimately affirmed, (Doc. 577), with the mandate entering on September 15, 2022. (Doc. 584.) The Ninth Circuit rejected Movant's argument that his Hobbs Act robbery convictions are invalid predicate crimes of violence for purposes of supporting a conviction under 18 U.S.C. § 924(c). (Doc. 577.) As the Ninth Circuit explained, Movant's argument is foreclosed by *Young v. United States*, 22 F.4th 115, 1122–23 (9th Cir. 2022) (reasoning that "there is no distinction between aiding-and-abetting

1

liability and liability as a principal under federal law[,]" and holding that "aiding and abetting a crime of violence, such as armed bank robbery, is also a crime of violence"). (*Id.*)

On September 28, 2023, Movant filed a document entitled "Fed. R. Civ. P. 60(b)(1), (6) motion to correct the unconstitutional law." (Doc. 585.) In it, among other things, Movant again argues that his Hobbs Act robbery conviction is not a valid predicate act for a § 924(c) conviction. (*Id.* at 3.) Movant also raises several other related arguments concerning the charges set forth in the indictment, the proof at trial, and the jury instructions given. (*See generally id.*).

When a convicted federal criminal defendant who has already litigated a § 2255 motion files a subsequent motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60, the district court must construe the Rule 60 motion as a second or successive § 2255 motion if the Rule 60 motion "does not challenge the integrity of the federal [§ 2255] habeas proceeding, but rather challenges his original conviction and sentence." *Harvey v. United States*, No. 05-CR-00373-LHK-1, 2018 WL 4181949, at *4 (N.D. Cal. Aug. 30, 2018) (internal citation and quotation omitted); *see Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (stating that a Rule 60 motion need not be construed as a § 2255 motion if it attacks "some defect in the integrity of the federal habeas proceedings"). In contrast, a district court need not construe the motion as a second or successive § 2255 motion if the motion "relates solely to fraud perpetrated on the federal habeas court" during the adjudication of the defendant's prior § 2255 motion. *United States v. Montalvo*, 2013 WL 5705711, at *2 (E.D. Cal. Oct. 16, 2013) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006)). Here, the arguments raised in the motion pertain solely to the underlying conviction and sentence, not to any defect in the prior § 2255 proceedings. Therefore, the motion must be construed as a successive § 2255 petition.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes significant limitations on the power of federal courts to award relief to prisoners who file 'second or successive' habeas petitions." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009). "A petitioner is generally limited to one motion under § 2255, and [he] may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). 28 U.S.C. § 2255(h) provides that a second

or successive petition must be certified as provided in section 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255(h).[1] Section 2244(b)(3)(A), in turn, provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. 2244(b)(3)(A). "If the petitioner does not first obtain [Ninth Circuit] authorization, the district court lacks jurisdiction to consider the second or successive application." *Lopez*, 577 F.3d at 1061.

Movant has not demonstrated that he received authorization from the Ninth Circuit to file a third § 2255 petition; indeed, he has not even alleged that he requested such authorization. He has also not demonstrated that his recent motion is based on "newly discovered evidence" or "a new rule of constitutional law." 28 U.S.C. § 2255(h). As a result, this Court lacks jurisdiction to consider the motion, which must be dismissed. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (*per curiam*) (directing the district court to dismiss an unauthorized habeas petition for lack of jurisdiction); *Washington*, 653 F.3d at 1065 (holding that the district court lacked jurisdiction to entertain the petitioner's successive § 2255 motion because the Ninth Circuit had not issued a certificate authorizing such a motion).

For the foregoing reasons, the Court **DISMISSES** Movant's Rule 60 motion, construed as a successive § 2255 motion, **without prejudice to refiling** if Movant obtains the necessary order from the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **October 12, 2023**

*(signature)*
UNITED STATES DISTRICT JUDGE

---

[1] Under § 2255(h), "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1)newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2)a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."